Good morning, Your Honor. May it please the Court, Nina Ringgold appearing on behalf of the appellants. I want to focus a couple of issues that, or highlight a couple of issues in the brief. And the first issue is whether or not the appellees have standing. We asked for an argument only on the, I just want to clarify that we were all on the same page, only on the vexatious litigant question. That's correct. Okay. Well, I'm talking about whether or not the appellees who responded on the appeal regarding the vexatious litigant status issue, whether or not the appellees who responded in the appeal have standing, because this Court's decision in Molenski, 500 F. 3rd, 1056, says that parties who do not participate in a district court do not have standing or cognizable interest in the appeal. So here, the parties in the underlying proceedings who are charged with enforcement of the statute, Governor Brown and Kamala Harris, were not participants, did not appear, did not respond to the order to show cause. The other issue I want to focus on is the interplay between the method of determining vexatious litigant status and how that interplays with the issues in the case. The district court, when it rendered a decision on the vexatious litigant issue, lacked jurisdiction. It wasn't an ancillary matter or collateral matter in this particular case, and that's shown by looking at the sua sponte dismissal order and the sua sponte entry of the tentative ruling of vexatious litigant status. If the sua sponte ruling on vexatious litigant status that was made on November 7th, that ruling was made without a list of cases, without notice, so there would never be an opportunity to respond to what were the issues or the cases that would give rise to that tentative ruling. However, on the same order, the court sua sponte dismissed the causes of actions that were directed at Kamala Harris and the Governor regarding the constitutionality of the vexatious litigant statute. We're not talking about the California vexatious litigant statute. We're talking about the vexatious litigant order that was issued in the district court as to the district court. That's correct, and the local rules of court for the central district apply the California vexatious litigant statute, and that's why I think it's important to consider the interplay because the central district's rules of court allows the district court judge to refer by reference to the California vexatious litigant statute, and that's the standard that's applied, unlike, in fact, the central district court is the only court in the Ninth Circuit that uses that reference. So you're in a proceeding where the constitutionality application facially and as applied is being challenged, and on a sua sponte dismissal on the challenge to the statute, the Governor and the Attorney General conceded a major portion of that statute. So when the judge is taking judicial notice of cases in the state court proceeding, he's taking truth. He's not allowing a challenge, a constitutional challenge to the validity of the statute, yet he's taking judicial notice without notice or without an opportunity to object to cases that we're bringing in the underlying proceeding. But essentially what he was doing was giving you notice, I'm thinking about entering a vexatious litigant order, giving you an opportunity to brief it, giving you an opportunity to be heard on the issue, and then per I think our case law, the DeLong case requires that any such order, any vexatious litigant order would have a list appended, right, of the earlier cases. Well, no, because if you're responding, one of the issues of the standard is you have to show that the cases that, in order to respond to a vexatious litigant order to show cause, you have to know what the cases are to respond to whether or not they're frivolous, whether or not they're vexatious. I'm saying that when he gave you the November 7th, 2011 order, it says that he tentatively finds plaintiffs to be vexatious litigants for reasons stated on the record. I don't know if we have that record. Do we have the record? Well, the only thing on the record is saying, the only thing on the record was a ruling on the motions to dismiss, and there was just the order to show cause just basically said, I'm tentatively finding, and here is the date of the hearing. But he never, he didn't give the list? No, there's no Mr. Casey. That list only appears in the order, but it wasn't given earlier? Is that what you're saying? Correct. So if someone, we're at a hearing where the issue is my motion for reconsideration because the judge had actually granted, had denied the motion to dismiss to challenge allowing injunctive perspective, injunctive relief as to the challenge to the constitutionality of the statute. So on reconsideration, I was asked, saying that the order should have been broader. Governor Brown and Kamala Harris did not challenge that. So sua sponte, the court entered the tentative ruling that the parties were vexatious litigants, there's this completely out of the blue. There's no. It's not out of the blue. The judge has an obligation to control the docket and to make sure that other cases that are meritorious get an opportunity to be heard. And what he said, and there shouldn't be room for disagreement. I'm willing to listen to you. But I'm having a hard time with the idea that he wasn't doing anything other than giving you a notice and an opportunity to be heard. And what he's described in his order to me is he counts them. I think he said at least 20 baseless motions. He finds them utterly without merit. That's what he's telling me in this order. So why is he wrong there? Well, okay, let's back up. That's the resulting order. Yes, I fully appreciate that. Okay, so prior to that. What he's done before that is give you notice that he's getting ready to do this, to enter. What authority do we have that says that the list of cases has to come to you earlier rather than in the vexatious litigant order? Well, the thing is, well, under the California vexatious litigant statute, the court case law, I think one in the circuit is Fine v. Schenck. It indicates that there should be a list of cases in order to show causes to give a list of cases. I don't have. Could you read me the local rule that says that we're following the California vexatious litigant statute? It's 81, and I can prepare that. I don't have the actual number. No, it says we're following the California statute. It says that a judge can proceed by reference to the California vexatious litigant statute, and it identifies the. . . Can. Has to. Pardon me? Maybe he can, but does he have to? No, he doesn't have to, but he can. All right, sorry. And. . . The judge can take judicial notice of this list of cases, essentially of a docket, that there have been 20 motions or however many motions there have been or however many other filings there have been, as long as it's not subject to reasonable dispute. Do you think he took judicial notice incorrectly? Is there something that could have been disputed? He's not taking judicial notice of federal cases or anything in the central district, because what you see in the response to the order to show cause is that Justin Ringgold Lockhart has never filed any case in the United States in procurator persona in his entire life. And as to me, there's only one other district court case in the central district, and that is the case that the judge heard before, and it was dismissed for lack of subject matter jurisdiction. Therefore, it couldn't have been deemed frivolous, because it wasn't an adjudication on the merits. Order is not limited to other cases. He talks about over 20 motions. No, the order, the list that's attached to the order, it identifies two cases. I'm. . . And the motions. . . Yes, I read it. And the motions, there were six. Why is he wrong? Why is he wrong? He's basically saying he thinks this has been litigated. You've had your shot. It's meritless. Why is he wrong? Well, he's wrong because in the first case that he's citing in his order, he never deemed the case to be meritless. It was dismissed for lack of subject matter jurisdiction, so de facto it couldn't have been frivolous, because there wasn't an adjudication on the merits. We don't know if it's frivolous or not. There was no adjudication on the merits, right? Right. It cannot be frivolous. It can't be harassing. It wasn't stated in the orders. It could be frivolous because there wasn't jurisdiction. Pardon me? It's not a silly statement to say you filed a case without jurisdiction, so you filed a frivolous case. Well, the case law says that adjudication for lack of subject matter jurisdiction, not adjudication on the merits. I understand it's not on the merits, but it's on the merits of the jurisdictionalist, so that could be frivolous. It could be. I'm not saying he said it was, but it could be. It could be, but in the orders from that case, it was never identified, so. . . It was never established. It was never established. Okay. It was never identified in an order. So that's your first answer to my question, which is why is he wrong, and what else have you got for me? Okay. So that is the only case. And the second case is the case that we were in, which on the record, the only record is it was the actual case where he made the tentative ruling, which was, and what you see from the record, I believe that none of the motions were frivolous. None of the parties argued that they were frivolous. Well, he seems to think they were. He calls them meritless. So can you tell me why you think he's wrong? Okay. I don't believe that to raise the constitutionality of the statute where the party is an attorney of record and it's not a period-appropriate persona is improper. That's the challenge. So if we take the first case, there's never an adjudication. The only case is the case that we're in that the court is not hearing argument on, and in that case what the issue was was a challenge to the California vexatious litigant statute and saying a number of things. The issue is, one, that the California vexatious litigant statute does not apply to attorneys. The California Supreme Court has ruled on that issue. The California legislature has determined that the California vexatious litigant statute doesn't apply to attorneys. This circuit in Weisman v. Kale has held that it doesn't apply to vexatious litigant issues. Well, the list that he attached, it's a list of everything you've filed, at least one of which was granted, another one of which was a brief. So it wasn't a list of what was frivolous. It was just a list of everything. It was a list of two cases and the motions that were in it. Just everything in it. So if you look at the list, the list included things like granting a motion for accommodation for disability. I don't believe that that's frivolous, and I don't think that requesting accommodation for disability is frivolous. One was filing an ex parte application because Governor Brown and Kamala Harris wanted to stipulate to an extension of time. We agreed. We submitted an ex parte application for an extension of time for briefing. He denied it. That wasn't frivolous. So I don't believe that if you look at the list of cases, what you have really is a case that wasn't frivolous. In this particular case, the motions were the motions where he granted. He's identifying cases, for example, where he denied Governor Brown and Kamala Harris' motion to dismiss on allowing the case to proceed on injunctive relief as to the constitutionality of the statute. He granted it. I'm sorry, he denied that motion to dismiss. Then he identifies it in his list of cases as something that was being frivolous. The other issue is that raising the challenge to, in the case that he's identifying, raising the challenge to Section 8 of SBX 211, it's not frivolous. The California Commission on Judicial Performance has rendered two opinions stating that. So stating that their belief, their opinion that the argument, their opinion that that statute is unconstitutional. So I believe that you, the, there's nothing in those two cases that would identify the standard that's set forth in this circuit, that there's numerous cases that have been deemed frivolous because there's not that numerosity in the decision. You're actually running out of, I think you're out of time. So I want to just, if I could, forgive me for interrupting, but the other part of this that hasn't been mentioned anywhere in your remarks is that this is essentially something that, a dispute that arose out of a probate matter that we would expect to see in the state court. And the opposing counsel certainly argued that that's where it was litigated. And so the fact that we're even in federal district court should be considered in terms of looking at the, as what you call the numerosity, the extent to which this matter has been litigated and re-litigated. And they're certainly going to get up and argue that you had your shot, and that what the district court was doing is saying this has been litigated over and over again. I want to give you an opportunity to respond to that. Well, I think that the issue is, is that there's no identification of state court cases. It's unfair to say. In the order. Is that what? In the order. Uh-huh. What the court is doing is it's taking judicial notice, not of cases, it doesn't identify them or the list. The order attaches a list. And on the list that it should be the cases that are subject to review, those are the issues that form the basis of review. The other orders are orders that are things that the court took judicial notice, hearsay statements, which I don't believe meet the standards of this court in Lee v. County of Los Angeles. To challenge an order or to. We can take judicial notice at any point in the proceedings, including right here. Why shouldn't we take judicial notice of the fact that there were all these state court proceedings litigating this very same dispute? Well, if you're going to raise them by a sui sponte request for judicial notice, that's not an opportunity to be heard. Because there's never. Your argument is, your position is that that would be a denial of due process. It's a denial of due process because the only way you could respond, since there are no other adversaries in the proceedings, is filing an opposition. The only information that would come into that proceeding would be by guessing what the tentative finding was about. And the only information is there's no basis to find a vexatious litigant to someone who's never filed a case without an attorney. There is no basis other than saying, using the standard that's in the local rule of the central district, which uses the California vexatious litigant statute, you say, well, using that as the guide, there is no cases in pro per. And I don't believe that if you're going to take judicial notice of things, you know, in the order itself, there needs to be an opportunity to respond to that information. Thank you. Thank you. May it please the court. David Adida of the California Attorney General's Office on behalf of Governor Jerry Brown and the Attorney General of California, Kamala Harris. No means no.  And in this case, back in September, during a hearing, the district court judge. Well, I hope that my kids do. I don't think I did. But when I didn't, there were consequences. And here, Your Honor, there are consequences. Back in September of 2011, Judge Real made it clear on the record that this action really just went beyond being reasonable. In light of all of the previous actions that he had heard on this specific subject matter, one of which went all the way to the U.S. Supreme Court on appeal.  I'm just going to say that there were two. But there was only two. There were a total of two. Is that right? Your Honor, I have worked on at least two. I believe that there may be another one. Right. But at the time he issued his order, there were two. Right. Isn't it at least unusual to have a vexatious litigant order added after two cases? No. No, Your Honor. Where have we ever done that? It's a vexatious litigant order based upon the number of motions in a case. I couldn't cite you a specific case? It doesn't make a lot of sense, and I'll tell you why. Because the only thing the vexatious litigant order is going to accomplish is to prevent the filing of a case. Once the case is filed, if she starts filing frivolous motions at that point, there are contempt orders and there are other ways to deal with frivolous motions, but the vexatious litigant order is not going to help. Well, I believe that let me start. So it only goes to the filing of the case. Okay. But, see, Judge Rial in this case has had at least on his docket two very similar cases, same arguments over and over except different defendants. But I was trying to address something else, which is how can the what happened inside the case in terms of the frivolity or non-frivolity of motions, and some of those things on his list, as she points out, were not frivolous. They were granted. But the list is just a list of everything that happened. It's not a list of what couldn't be a list of what the order was based on because some of it was meritorious. Absolutely right, Your Honor. Yes, there are a couple of items in that list that could not be characterized as being frivolous. And there may be other things that may have been non-meritorious but non-frivolous. It makes it very difficult to review because all he gave us was a list of everything that happened. But, Your Honor, if you look at the list, everything is an ex parte. It's an ex parte challenge to a previous order. And you can hold her in contempt. Next time you file one of these ex parte motions, you're going to be held in contempt. What does a vexatious litigant order have to do with that? It would stop the filing of a case that is, in all respect, similar to two cases that he's already seen. That's true. Except that the plaintiffs are always the same. But that's not how the order reads. That's the other problem. The order says that she can't file any action that relates to the Orbee Revocable Family Trust or the administration of state courts in general or probate courts. It's not the broadest order in the world, but it's broader than this particular problem. I don't believe it. And then he says, and this is what I really don't understand, the court will approve all filings it deems to be meritorious, not duplicative, and not frivolous. That means he's going to make a judgment at the outset as to whether it's meritorious? It's perfectly reasonable, Your Honor.  The state court violated my rights. That isn't what he enjoined or what he wrote the order on. The order is broader than that. If he had filed an order saying you can't file another case that's similar to this one in the following ways, that would be one thing, but that's not what he wrote. I think what he's trying to say, and obviously I can't speak for him, for the district judge, what he's trying to say is with respect to these two subject matters, I want to review a case that you plaintiffs want to file because he's seen them over and over. Besides whether it's meritorious before it's litigated? Not just whether it's frivolous, but whether it's meritorious? That's what it says. Well, Your Honor, it cannot, the subject matter of these cases are frivolous. It's the same argument that has been made over and over and dismissed over and over. Counsel, when you say over and over, one of the problems we have here is that typically under DeLong on a vexatious litigant order, the attached table has, you know, I've seen them with 20 cases attached, lots and lots of cases, not by motion, but by case for the reasons Judge Berzon has just outlined. So when you're talking about decisions made at the outset, typically we'd be talking about for a vexatious litigant order, we'd be talking about the time of filing a new case, not a motion. But your remarks don't seem to be making that differentiation, and it's a really important distinction. If it is an important distinction, then it shouldn't be. It shouldn't be. Because motions are as disruptive as actual cases. And in this case, when you're in court, every two or three weeks because of an ex parte on a ground that is absolutely frivolous, it's as disruptive as filing a case which is at the outset frivolous. And at the end of the day — Did you ever attempt to get a contempt order adjudicated here? I'm sorry, Your Honor. Did you ever attempt to get a contempt order adjudicated here? Did you ever — I mean, isn't the way this — I mean, in the old world before, we heard of vexatious litigant orders. It wasn't the usual way you would deal with this. Judge Brewer would say, if you file another ex parte, frivolous ex parte motion, I'm going to hold you in contempt. I believe it's one way that he could have gone about it. And as you said, he did make those warnings to the plaintiff. Stop filing these motions that seek to re-argue the same — Did he order her not to do that? Did he issue an order saying don't file any more motions like this? Or something's going to happen? No, he was gentler than that, Your Honor. During oral argument, he warned plaintiff in September, about stopping to re-argue the same arguments to the court and to the parties. On September 19th and again on November 7th. Correct, Your Honor. And then on November 7th, again, when he dismissed most of the case, he again said, you know, I mean, I'm taking this into consideration and I want you to know that this is what I'm planning to do. And then he filed his tentative order. And he gave the plaintiff plenty of time to oppose it and to bring her reasons to light as to why he shouldn't go ahead and hold her a vexatious litigant. And I believe that in Judge Real's order, he does mention all of the state court cases. And it was —  Thank you, Your Honor. And it was indirect. So he's aware of all of these cases that have been litigated in the state court. Again, same issues, same arguments, same results. And then she comes to him once. Same results, I mean, same arguments, same results. Denied. She goes all the way to the Supreme Court. Denied. She again files the same argument, same claims, except that this time, instead of going after the individual judges, she goes after the entities. She goes against the attorney general, and she goes against the governor. Are your colleagues planning to argue because you didn't tell us? Are you doing the whole argument? No. For some reason, they asked me to go first, and so that's what I'm doing. May it please the Court, Kevin McCormick for Defendant Annapelle John A. Clark, Executive Officer of the Superior Court of California, County of Los Angeles. I can't say much more than what Mr. Adida has said. These are the two things that are troubling me, and I think it's Judge Christian. A, is there any precedent for a vexatious litigant order after two cases? I am unaware of that. Two, what do the motions have to do with it? Three, I'm concerned about the breadth of the order for the reasons I stated before. Answering the first question, I'm not aware of specific authority for that proposition. For the proposition of two cases. Two cases. It's insufficient. Or three or four. I mean, usually we have lots. Yes. The second question, looking at the California vexatious litigant statute, an alternative ground is multiple filings of meritless motions in the same case. That is also grounds for that finding. On the third issue. I'm really having trouble understanding how that functions, because the review is not of motions. The review is of a case at the outset. So if you're going to review a case on the complaint, you're not going to know anything about how it's going to be litigated when it's litigated. So what good does it do you to have the review of the case when it's filed? Looking at this particular circumstance and the two cases with almost identical facts, I believe Judge Reel was trying to narrow it to those facts. Well, he didn't. If he was trying to, then he didn't. Because it says any action that relates to the or be relevant to the complaint of a treasurer. Maybe that's narrow enough. Or the administration of state courts or appropriate courts. So if she decides in three years to file a case saying that the California State Courts are denying her due process because, you know, for some completely different reason, she can't file the case. Yes, Your Honor. I think Judge Reel was focused on the issue of local judicial benefits, and it came out broader. Counsel, I'm looking at what is bait-staffed as nine. It's the table. What local judicial benefits are you talking about? This is the Sturgeon I and Sturgeon II decisions that were referred to by Ms. Rengold about SBX, I believe, 211, and the payment by the county over a period of time of supplemental benefits to the L.A. County Superior Court judges. Well, she was right on that. I'm sorry, Your Honor? Was she right on that? No. That's not what Sturgeon I and Sturgeon II held. That issue has also been before this Court. There was a problem with the way the judges were paid. Yes. The issue was how the county regulated or set the standard for payment. That was the issue. Yeah. Not the fact that they were getting the payments. My other problem with the order is that, and I haven't looked at other orders from the central district recently, although I've looked at them, but it says the court will approve all filings that it deems to be meritorious, not duplicative, and not frivolous. How do you – how can you – it says meritorious and it says not frivolous. Not frivolous is one thing, but meritorious at the outset? Yes, Your Honor. I see the difficulty the court has with that. And so typically what we would see in the vexatious litigant order is a table attached with maybe 10 or 20 or who knows how many multiple cases attacking or trying to attack the very same controversy. And then at the outset a vexatious litigant order makes a lot of sense because one can see that it's trying to take a second or third or fourteenth bite at the apple about the same dispute that's been litigated and people had their shot and their day in court and then it's abusive, but very difficult to translate that into motions practice or to a situation where there's just two cases. Yes, Your Honor. If he had it on page 9, what is based after page 9, if the judge had appended a list including the state court actions, then would the order have been sufficient in your view? Your Honor, I believe so. At that point you look at what this all arose from. Well, he mentions on page 3 and on page 5 the state court actions. He wasn't oblivious to that. Certainly he's very well aware that there had been litigation about this probate matter in state court, which is after all where probate matters are litigated. But I'm just struck by the fact that the list isn't here. Did anyone file a list for the federal district judge to use from the state superior court? Your Honor, I believe I was out of the action by that time. So does that mean anybody? I wasn't asking. I'm not trying to point fingers. I understand. Was the district court judge given such a list? I don't believe he was. Does that count, i.e., for purposes of the – that's another question. When you're trying to decide whether somebody is a frivolous litigant in the district court, do you look at the filings in the state court? Yes, because they're using the federal court to disrupt the state court proceedings. It's the very same transaction, right? Isn't it the very same dispute? Yes. Well, then, I mean, again, you can – there are contempt orders and there are sanctions and there's Rule 11 and there's a whole lot of other things. And vexatious litigant orders are extraordinary. Your Honor, to – There's fines and there's – again, there's Rule 11. You could have filed a Rule 11 motion. You could have gotten them to pay all of your expenses and so on.  At some point, but the question is, is at this point, i.e., two cases? Well, I can only speak as my experience litigating the judicial benefits issue. It's gone on since 2001. So it has caused a lot of trouble, cost, and unnecessary litigation. But that's not what the order is directed at. Should we send it back to write an order saying you can't file another case about judicial benefits? Yes. Because that's not what this says. I understand. Thank you. Good morning, Your Honors. This is Clerk Mark Woden for the County of Los Angeles and County Counsel Andrea Sheridan Wharton. I don't know that I have a great deal to add to what's been stated. I believe that Judge Real was looking at the totality of the circumstance, and he explained at considerable length the entire factual background in his order and related what was going on. Motion, ex parte, reconsideration. Another lawsuit, motion, ex parte, reconsideration. Noting also that the California State Court of Appeal has issued a vexatious litigant order, as also noted in his decision. So there has, in fact, been a state court vexatious litigant order. Do you happen to know what the state court order says? I don't know if that's in our record. I'm sorry, Your Honor. Do you happen to know what the state court order says? I don't know whether we have that order. No, it's referenced. It's referenced, but do we have the actual order as to what it says? No. That's correct, Your Honor. That's correct. What does it say? I thought it had been attached somewhere along the line. It apparently was not. I don't know. Maybe it was. There are a couple pending motions to take judicial notice of a number of state court filings. Perhaps it's there. I said there's a number of pending motions to take judicial notice of some state court proceedings. Yes, Your Honor. Could I ask you, counsel, when you just tried to sum up quickly, which I appreciate, but I don't want to lose you too quickly, that Judge Reel took judicial notice of, or forgive me, considered the totality of the circumstances is what you said. And then you talked about motion by motion. Yes, Your Honor. Is it the county's position that we should look at this as motion by motion as opposed to case by case? No. Again, that's been noted, Your Honor. I cannot cite authority to say that motion by motion. Okay. So when you talk about totality of the circumstances, to go back to Judge Berzon's question, is it the county's position that it's appropriate to consider the superior court actions? Well, it is referenced in his – the judge did reference the superior court proceedings in his – as being similar and as Was they similar or were they the same? I'm sorry. Were they similar or were they the same? They were essentially the same in the sense that this relates to this Aubrey trust. And as the judge indicated in his order, this all arises from one essential circumstance, a dissatisfaction by the plaintiffs, the appellants, with certain decisions made by certain judges in that action. And then after exhausting in the state court and having been found to be a vexatious litigant, and I understand apparently we do not necessarily have the order. It's referenced in Judge Rial's order. After exhausting that, then it comes to the federal court. And there's one lawsuit with a series of ex partes and motions and reconsiderations. And there's another lawsuit based on the same essential circumstance of a dissatisfaction with determinations made by judges in this probate action in the state court. And I think that that's part of the totality that the judge was – So how much money is involved here? You know, I was not a party myself involved in state court action, so I don't know. I believe it has to do with someone being removed as a trustee, Ms. Ringgold being removed as a trustee of something called the Aubury Trust in a state court probate action. I myself was not an attorney or a party in that action, so I can't tell you a great deal about that action. But that's my understanding of what the bottom line of all this is. And with respect to the county, continual efforts to try and hold my client, the county, and Ms. Orden, who was the chief county counsel of the county, responsible for conduct of the judges and the policies and procedures, which is the subject of the other appeal that we're on. Is she still head of the county counsel's office? I'm sorry? Is Andrea Orden still? No, she's not, Your Honor. She left – it was some time ago, I think about a year ago she left. She's not still the chief county counsel. Or she's not a county counsel at all. She was at some time in the past. All right. Thank you, Your Honor. So what's at the bottom of all this? Well, I wanted to clarify one thing, an important thing, and I think this has been distorted, is that the people who are appearing were not in the underlying proceedings. The state court – I wanted to also clarify. I just wanted to ask you, what is this trust about? The Aubrey Family Trust is a private trust. It's not subject to court supervision, and the underlying state court proceedings have nothing to do with what's in the federal court. The problem is the proceedings in the state court do not involve judicial benefits. How much money is in that trust? Probably at the beginning, maybe three or four million. But the issue in the state court proceedings really don't have anything to do with the federal court proceedings. What happened in the state court proceedings is that a federal constitutional claim was raised in the proceedings relating to a private trust concerning the process of the probate department. That federal – that constitutional rights claim was dismissed without prejudice and refiled in the federal court. It had nothing to do with SBX-211, the county, the parties that are appearing here. They didn't – that case doesn't have anything to do with these issues in the federal court. So when the – to answer to your question about what's your constitutional claim? In the state court or in the federal court? In the federal court, the issue is, is that the court users of the state are entitled to disclosure and form consent because once SBX – Section 5 of SBX was passed, it created retroactive immunities. And under the California Constitution – But I don't understand what has to do with you or your case. Pardon me? I mean, the reason the whole thing seems to me to be fairly characterized as frivolous is I don't understand how this affects you or your case. The – Let's assume that there was an invalid retroactive immunity. So what? Well, the thing is, is that if California Constitution – Are you suing them for retroactive money? Pardon me? Do you have standing to complain about the fact that people were paid too much money in your case? No, it's the reason why SBX – Section 5 of SBX was passed. The California Constitution says that if a judge – I want to know what has to do with you and your case and the trust and what – why you're complaining about it. Absolutely. Because the probate department is filing graduated filing fees. For example, 20 percent of the estate would be paid to the – as a filing fee. I thought your problem was that you were a religious trustee. You're not the trustee. Pardon me? I thought you're not the trustee. I have – there's never been a petition – These are different – I just want to stress, these have nothing to do with the case that's before the court. But in the state court, I've never been removed as a trustee. I have – there's never been a petition filed in the court to have me removed. I've only appeared – I filed a petition relating to another trustee. And the only issue in that case was trying to interpret – So you're still a trustee? I've – there's no petition that has removed me. And so the issue is that the court entered a non-appealable order appointing another trustee who's been liquidating the trust, and there's no ability to appeal that order because he's continually liquidating the trust beyond the statutory limits allowed by law. There is a probate order appointing someone else as trustee, right? There is an order that – through a non-appealable order that indicates that somebody else is appointed as a trustee. So in answer to Judge Berzon's question, I heard you say, I thought that you had not been removed. Am I mistaken? In order to remove a trustee? It's just a yes or no. Were you removed as trustee? No. No. There's another order appointing someone else as trustee? There is an order that appoints someone else as a trustee, but there's been no petition filed in the state court that has removed me as a trustee. There has been no – there's an order that was entered that appoints another trustee, but the court – the trust itself is not a – Appoints another trustee in your place. Well, that's why we're in dispute, Your Honor, because the Aubrey family trust – That's why this whole issue about the overpayment, purported overpayment of state judges is just 75 miles down the line from anything. Well, I think the issue is, is that the filing fees that are paying for the compensation of the judges was taken from graduated filing fees. But it's not the fees. Our issue is not about what judges get paid. Our issue is about the California Constitution requires disclosure and consent, and once a judge is deemed constitutionally resigned, that means you have to inform the court. But you're the one who was deemed constitutionally resigned. Nobody said he was constitutionally resigned. The Constitution says that they are. So if you're not the trustee, going back to Judge Berzon's question, why do you have standing to be raising any of these arguments? Well, I'm not saying that I am not. Somebody else is the trustee. There's an order appointing someone else as the trustee. Well, in this case, the case that was before us here involves a challenge to the application of the California vexatious litigation. But you only have any concern with if you're the trustee. If you're not the trustee, what do you – I don't even know if you have a concern in that, but you certainly don't have any if you're not the trustee. Well, no. The issue of the constitutional challenge to the statute has to do with the fact that the California – there's never been a motion filed in the state court that tried to determine me to be a vexatious litigant. The statute requires a motion with evidence, and you have a right to appeal. I'm really confused. That has never – Let's go back. There is an order that appointed a new trustee in your place. There is an order that appoints a trustee, yes. In your place. I believe that if there's no petition that has removed me, I – I just asked you, does the order appoint a trustee in your place? As I purport to do that, even if you think it's invalid, does it say that? Yes, it does. All right. So I don't know what you're doing here then. Well, I – that has nothing to do with this case. Why? Because in this particular case, we're challenging the constitutionality of the California vexatious litigant statute and whether or not Section 5 of SBX-211 can provide retroactive immunity. As citizens of the state, we can file a challenge to the – to a state statute. Tell me – tell me what – Retroactive immunity of what? What does the California vexatious litigant order say? What is it – what does it require you to do? How broad is it? I don't have the – I don't know the order that requires me to get approved to file an order. But it's challenging. For what? For anything you file? For anything you file about – about this trust? For anything you – for what? Well, the challenge that's being raised is that the – the statute itself requires a due process motion where someone brings a challenge to have someone determine to be a vexatious litigant. That has never happened. All right. But I'd like to know what the current California order says. It requires a pre-filing condition. For what? To file anything, I guess. Any case in state court? Correct. Any case? Right. Not just a case having to do with the trust? No. And the reason is that this – in this – in this particular – that's why, in this case, there wasn't a statutory due process motion. The issue was raised in the first instance in the court of appeal. And the reason, there's no right to appeal that order. So now this order, which doesn't have a right to review, this is the constitutional challenge in the underlying case, the right to review that order is not afforded under the statutory procedure. The answer to the complaint concedes the challenge that a – a trustee must appear by an attorney. In the underlying proceedings, the only appearance that I made in that proceeding was as an attorney of record for the trust. In that proceeding, no one filed a motion to have me deemed a vexatious litigant. It just – as indicated in the underlying case, there was a dispute and grievousness rising in the probate department. The judge in the case was a part of a probate task force. I was unaware of that. In the court of appeal – Part of a probate what? Tax? Task force. Task force. Task force to do what? Probate task force was created by the California Judicial Council because of large numbers of grievances that were arising in the probate department. So much so that they were widely publicized. So in response to those grievances – Such as what? Charging excessive fees, not having bonds. Charging the excessive fees. Court-appointed adjuncts, such as in the Aubrey family trust. That trust that are not supervised by the court, if the family comes in and makes a contest to any particular issue, the court removes the family member from the trust, appoints someone who's an outsider, does not require the payment of a bond, and then all of a sudden 50 to 60 percent of the trust is lost because of repeated petitions being filed by the court adjunct who is liquidating the trust. So the vexatious litigant issue that was not – there was no motion but it raised the first instance of the court of appeal is defensive objections to the repeated petitions liquidating the trust. So the problem in the Aubrey family trust is if you have a private trust that is not subject to supervision and the court doesn't make a distinct – Were you a beneficiary of the trust? Pardon me? You a beneficiary of the trust? I'm a trustee and a beneficiary. In what regard are you a beneficiary? I'm just one of the beneficiaries of the trust and a trustee. But the action that I filed was not – Well, I mean, if you're a beneficiary of a trust, then if it's – if the trust is being dissolved, so to speak, you'll get money. Is that what you're telling me? The intent of this trust is that's why we're bringing the action under. I'm asking you. You said you're a beneficiary. How are you a beneficiary? I'm – as a beneficiary, I have a right to maintain my interest in my lifetime without selling or to give my particular interest to my child. Say that again. As a beneficiary of the trust, I have a right not to sell property, to keep income from the property, or to allow my child to share in that income. So every – this is a private – How do you benefit? How would I benefit from the trust? Well, the underlying action, I wasn't seeking a benefit in the trust. I was seeking to recover fees from – on behalf of the trust. The action that I filed was solely in my capacity as a trustee. And in that action, what I was seeking – Well, you're no longer a trustee because you've been replaced. Well, Your Honor, I think – You're not a trustee. And so – Well, Your Honor, this is the – just so I can point out, this is not the issue in this case The issue has to do about disability, discrimination, a challenge to two-state statutes. That is the issue in this case. Some of the facts arose out of the Aubrey Family Trust, but in this particular case, that's not the main thrust. I have no real idea what you're talking about. Well, I'm just saying that you're asking me about the Aubrey Family Trust, and that Aubrey Family Trust is not what's being litigated in the federal court. In the federal court, the issue is whether or not court users are entitled to disclosure of the retroactive immunity provision in Section 5 of SBX-211. What's at issue is whether or not trustees, guardians, conservators, attorneys, are subject to the California vexatious litigant statute because when you bar them from the court, they can't represent the interests of third parties. They can't – they are not appearing on their personal interest. They're not an appropriate persona. But are you purporting to – since you're not the trustee, it's not clear to me, are you still taking the position that you're counsel for the trustee? Well, Your Honor, in this – Or are you appearing in that underlying action as a beneficiary? Or what's your status? In this case, I am making a constitutional challenge to the statute. I am – because the application of the statute is being applied to me, has been applied to me in the state court. And it's harming me, my clients, the beneficiaries of the trust. That – so the challenge I'm making to the statute is that I was deemed a vexatious litigant, one, without an opportunity to even contest it. There wasn't a statutory motion. And two, when you impair my ability to challenge the orders in the state court, it impacts every young child in the generation of trust who relies on me using my discretion and the power of appointment to make distributions to them. Well, what you're talking about right now, though, is – those are the words I would expect to hear the trustee using. Well, we can't – Your ability to make decisions on behalf of future generations. Now you're speaking of decisions made by trustees to benefit future beneficiaries of the trust. Correct. That's somebody else now. Well, that's why they're challenging the statute, because the reason you don't have access to the court to challenge the unappealable orders. So is it your contention that you were removed as trustee by the state court because you were a vexatious litigant? I was not – first of all, I don't agree that I was removed as a trustee, because under the state's law, you have to file a petition. I understand you don't agree that you were properly removed, ma'am, but you concede that there's an order appointing somebody else. Correct. Through a non-appealable order. Okay. An interim order. So if anything, there's a temporary trustee, and the only way that you can – but the problem is the only way you can challenge that temporary non-appealable order is at the point the entirety of the trust is liquidated. My question is simple, and that is, are you arguing that you were removed as trustee because you were deemed a vexatious litigant, and you think that you were deemed a vexatious litigant unfairly or without notice? No, I think there's two separate issues. I think that I'm being deemed – I am unable to challenge the order that's impairing the trusteeship because of the vexatious litigant order. I understand. Okay. So that's the dilemma. And so at the point we could file our constitutional rights violation claim with federal claims in the state court, they were dismissed without prejudice, and we attempted to bring that – and that's the first action that was dismissed for lack of subject matter jurisdiction. The issue was that we cannot reach the trust or reach the assets unless we have federal jurisdiction to determine – we're barred from the court to challenge the order, basically. I understand. Okay. Thank you very much. Do you have a copy of the superior court order that appointed another trustee in your place? Yes. I can provide the court with a copy of the order. Do you have it here? No, I don't. The order was basically – none of it was – there was a ruling that the trusteeship without a petition to remove the trustee, that the judge had to be – the trustee of a private trust had to be a judge, a retired judge or a lawyer, which the judge knew. And, of course, being an African-American woman, not being known by the judge who was white, you know, that's not what the terms of the trust has, but that was the basis of the order. I didn't say about an African-American woman. No, I'm saying that it's the process. It's the rules in the court that are being used. It's the types of rules that are being applied in the state court to divest people of a private trust. And so in this particular circumstance, the order was made, the transcript is saying, that the basis for appointing another trustee, not removing me, but appointing another trustee and ordering us to give all the assets and keys to the property, is because the trustee had to be a lawyer known by the judge or a retired judge. So that's in a non-appealable order. The person who's in control of the trust is repeatedly filing solely. He's funding his defense in the federal litigation. He's paying, you know, 50% of the assets to himself without a bond. And there's no – without injunctive relief, you can't appeal. So what we're filing are objections, objections to the liquidation of a trust that was never intended to be liquidated but was to be invested for future generations. It's not a state. It is a private trust. So if we can't get injunctive relief, the trust will be liquidated. At the point you can appeal the non-appealable order, the trust will be completely gone. So the trust is being liquidated because of attorney's fees that are being paid. Is that what you're saying? To the person who was appointed through an interim order that cannot be challenged until there's a final judgment. But there can't be entry of a final judgment until the – because it's not in a state proceeding where you have a liquidation of a state. So the new trustee is getting paid a lot of money. A lot of money. A lot of money. And so there'd be nothing left. That's correct. Okay. And so the objections, what's being vexatious is the objections that are being filed to the repeated petitions. But filing a defensive objection, if you don't file that objection, you waive your right to claim damages in the end. And the trustee, which the court appointed, doesn't have a bond. So you – without injunctive relief or the initial action which was filed under 42 U.S.C. 18. I think we understand what you're saying. Thank you very much. Do you want to answer any of this? Yes, Your Honor. Well, come up and do it, you know. And don't tell me any stories about – Previously, there was an issue as to whether or not this court should count the motions that had been filed in the underlying litigations as part of the determination. And in reviewing the order, Judge Real himself set up the – But was there an order? Yes, there was an order. By a new trustee? No, no, no. I'm talking about the frivolous litigation. I'm not talking about the probate issues or the Aubrey Family Trust litigation in state court. I'm just talking about what happened in federal court in – Well, we've already covered that. Yeah, but I just wanted to answer just a couple of questions that the court had raised. And just one minute. Thank you, Your Honor. You know, I'm trying to find out certain information, and you're going off on another path. Your Honor, with respect to the Aubrey Family Trust state litigation, I know nothing about that. All of that was resolved in the state courts before the plaintiff started filing litigation, again, about these same issues. But you think if you're coming up here and we're going to talk about all this, you'd know about it. Well, I understood – Curiosity, huh? But this case is only about the eviction. Right, exactly, Your Honor, and that's why I prepared for that. So I just wanted to say that in the order itself, Judge Real cited two cases in which the number of motions that had been brought into litigation was considered a factor. And those two cases are Andrews v. Guzman and – Isn't that the Second Circuit case? No, it's in Eastern District of California, 2009. Forgive me, I thought you said Circuit case. Well, yes, but were they cases in which there was a total of two lawsuits filed? No. Well, in the second case, Spittel, we're talking about five cases that were brought. And then the court says – right. And it's exactly our case. He, in the Spittel case, repeatedly attempts to litigate the validity of past decisions and or repeatedly ligates the same claims against the same or related defendants. He has filed a plethora of frivolous motions, especially motions for contempt and reconsiderations in past litigations. Same thing. For every decision that Judge Real made, there was at least a motion for reconsideration or a motion for review or to relitigate the same issues. But some of the motions on that list were meritorious or the government's motion was denied. You know what? Yes. There was one motion cited here about the disability. There was more than one. There was that one and there was one where a motion to dismiss was denied. No, it was not denied. It was in part affirmed. I mean, granted and in part denied. And with respect to the disability motion, if you look at the motion, well, the grounds for it were frivolous. And that's why part of it was granted. Now, with respect to the motion for disability, if you look at that motion, it was in part for the disability. The other part was to, again, relitigate what had been previously ruled upon by the judge. Besides which, if two other district courts have ‑‑ I'm really having trouble seeing how the internal mode of litigation is going to be. I understand that it may exacerbate the notion that this was really a frivolous case. But I still don't know how the vexation litigant order addresses that. And that was the other issue that I wanted to bring up. Obviously, Your Honor, Judge Real had in mind litigations related to the Aubrey Family Trust. And I believe ‑‑ Well, it didn't. That's wrong. Because he said litigation related to the Aubrey Family Trust or ‑‑ Again, in relation to the Aubrey Family Trust. And he should have written those things in relation to the Aubrey Family Trust. And granted, without those words, it makes it a little bit overbroad. But if those words are understood to be part of the sentence, then it all makes sense. Because he does not want to see another frivolous case on his docket relating to how the plaintiff was, quote, unquote, wrongfully removed as the probate. And so, yes. But I think this court has the power. We basically have agreement among the defendants that the order is at least overbroad. But this court has the power to narrow it instead of striking it down. This court has the power to say, okay, the Aubrey Family Trust part is valid. And with respect to administration of courts and probate courts, it's valid if it's with respect to the Aubrey Family Trust. And that way, we don't need to ‑‑ I mean, this court may send back the case to Judge Real to make sure that he's got those words in his order. Do you want us to decide that whatever occurred with respect to the trust is valid? No. What I'm trying to say is that Judge Real was right in stating that at least with respect to the Aubrey Family Trust, he does not want unfettered access by this plaintiff to the federal courts. He wants to review any proposed litigation that relates to the Aubrey Family Trust. And then make a determination that if it's not frivolous, then yes, it can go forward. But if it is, and again, if it restates the same claims, have the same or similar parties, he doesn't want to deal with it anymore. And I believe that it's completely reasonable. in light of the fact that this plaintiff has had a thousand days in court. She has had her day in court plus 999. Thank you, Your Honor. All right. Listen, we can go back and forth forever. We're going to end it right now, okay? Okay. Can I just make one comment? No, no. Listen to the end.  We listened to you fully. All right. Thank you, Your Honor. Take a seat. Thank you. All right. This matter is submitted. All right. We're going to take a break and we'll be back.
judges: Pregerson, Berzon, Christen